# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON HOFFMAN,

       Plaintiff

v.

PENN CREDIT CORPORATION,

       Defendant

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(Unlawful Debt Collection Practices)

## COMPLAINT

SHARON HOFFMAN ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PENN CREDIT CORPORATION ("Defendant"):

## INTRODUCTION

1.    Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in Lake Ariel, Pennsylvania, 18436.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a debt collection company with its corporate headquarters located at 916 South 14th Street, Harrisburg, Pennsylvania, 17104.

9.      Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

PLAINTIFF'S COMPLAINT

**PRELIMINARY STATEMENT**

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

PLAINTIFF'S COMPLAINT

1692f.   The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."   15 U.S.C. § 1692a.   Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.   15 U.S.C. § 1692b.

14.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."   15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.   At all pertinent times hereto, Defendant was hired to collect a

PLAINTIFF'S COMPLAINT

consumer debt allegedly owed by Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Beginning in January 2011, Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt owed.

18. Specifically, on January 21, 2011, Defendant placed a collection call to Plaintiff's cellular phone.

19. Less than 24 hours later, on Saturday January 22, 2011, at 8:00 am, Defendant placed a collection call to Plaintiff's brother.

20. Defendant identified itself as Penn Credit Corporation, a debt collector, and stated it needed to speak with Plaintiff.

21. Plaintiff's brother informed Defendant that it had the wrong telephone number and that Plaintiff did not live with him.

22. Despite this, Defendant placed a second collection call to Plaintiff's brother on January 24, 2011.

23. On or about January 22, 2011, Defendant contacted Plaintiff on her cellular phone and stated that her past due account would be reported to the credit agencies if immediate payment was not made.

24. Defendant placed more than two (2) collection calls to Plaintiff daily.

PLAINTIFF'S COMPLAINT

25.    Most recently, on or about January 24, 2010, Defendant contacted Plaintiff on her cellular phone.

26.    Defendant's sole purpose in contacting Plaintiff more than once per day was to harass Plaintiff.

27.    Defendant's sole purpose in contacting Plaintiff's brother more than once was to harass Plaintiff.

28.    Upon information and belief, Defendant failed to send Plaintiff written notification informing her of her rights to dispute the debt and/or request verification of the debt.

29.    Defendant conducted its debt collection activities in ways that were factually misrepresented and in violation of the FDCPA.

## CONSTRUCTION OF APPLICABLE LAW

30.    The FDCPA is a strict liability statute. _Taylor v. Perrin, Landry, deLaunay & Durand_, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." _Russell v. Equifax A.R.S._, 74 F. 3d 30 (2d Cir. 1996); see also _Gearing v. Check Brokerage Corp._, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); _Clomon v. Jackson_, 988 F. 2d 1314 (2d Cir. 1993).

1

2

3

4

5

6

7

8

9

31.   The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006).   The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

32.   The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988).   The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u>   The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

PLAINTIFF'S COMPLAINT

1

2

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

3

4

5    33.    Defendant violated the FDCPA based on the following:

6        a. Defendant violated §1692 generally;

7        b. Defendant violated §1692b(2) of the FDCPA by stating Plaintiff

8           owes a debt to a third party;

9

10       c. Defendant violated §1692(b)(3) of the FDCPA by calling a third

11          party more than once in connection for the collection of Plaintiff's

12          alleged debt;

13

14       d. Defendant violated §1692c(b) of the FDCPA by communicating

15          with a third party about a debt allegedly owed by Plaintiff;

16       e. Defendant violated §1692d of the FDCPA by engaging in conduct

17          the natural consequence of which is to harass, oppress, or abuse

18          the Plaintiff in connection with the collection of a debt;

19

20       f. Defendant violated §1692d(5) of the FDCPA by causing a

21          telephone to ring and engaging Plaintiff in telephone conversations

22          repeatedly and continuously with the intent to annoy, abuse or

23          harass; and

24

25       g. Defendant violated §1692g of the FDCPA by failing to send

8

PLAINTIFF'S COMPLAINT

written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

34.    As a direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, SHARON HOFFMAN, respectfully requests judgment be entered against Defendant, PENN CREDIT CORPORATION, for the following:

    a.  Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

    b.  Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

    c.  Actual damages,

    d.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

    e.  Any other relief that this Honorable Court deems appropriate.

PLAINTIFF'S COMPLAINT

1

## <u>DEMAND FOR JURY TRIAL</u>

2

PLEASE TAKE NOTICE that Plaintiff, SHARON HOFFMAN, demands a

3

jury trial in this case.

4

5                                  RESPECTFULLY SUBMITTED,

6   DATED: 3-28-11               KIMMEL & SILVERMAN, P.C.

7

8                            By: _____

9                            Craig Thor Kimmel

                                Attorney ID # 57100

10                         Kimmel & Silverman, P.C.

                                30 E. Butler Pike

11                         Ambler, PA 19002

12                         Phone: (215) 540-8888

                                Fax: (877) 788-2864

13                         Email: kimmel@creditlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT